UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X

SEMYON GRINBLAT,

        Plaintiff,

     -against-                  **MEMORANDUM & ORDER**
                                           20-CV-1643 (KAM) (CLP)

SPEEDWAY LLC, JOHN DOE 1-X,
AND CORPORATIONS 1-X,

        Defendants.

--------------------------------X
KIYO A. MATSUMOTO, United States District Judge:

      On April 1, 2020, plaintiff Semyon Grinblat filed this

this putative class action under Title III of the Americans with

Disabilities Act ("ADA") and corresponding provisions of state

law, against defendants Speedway LLC, John Doe 1-X, and

Corporations 1-X (collectively, "defendants"), alleging that

defendants maintained illegal barriers to access.  (*See* ECF No.

1, Complaint ("Compl.").)  Plaintiff twice amended his complaint

(*see* ECF Nos. 5, 19), but never moved to certify a class.  On

March 4, 2021, counsel for plaintiff informed the Court that

plaintiff Grinblat passed away on February 13, 2021.  (ECF No.

24, Suggestion of Death.)  On that same day, plaintiff's counsel

moved to stay all proceedings, hearings, and deadlines in this

case pursuant to Federal Rule of Civil Procedure 25(a) until

June 2, 2021, to allow an executor/administrator/representative

of the deceased to be appointed and substituted as plaintiff in

this case.   (ECF No. 25, Motion to Stay.)

On March 5, 2021, Magistrate Judge Cheryl L. Pollak

granted plaintiff's counsel's motion to stay and adjourned a

status conference previously set for April 7, 2021 *sine die*.

(*See* Docket Order 3/5/2021.)

On March 10, 2021, this Court issued an Order to Show

Cause, directing plaintiff to show cause "within seven (7) days

of entry of this Order why the Order staying this action entered

March 5, 2021 should not be lifted, why plaintiff's ADA claim

should not be dismissed as moot, and why the remaining claims

should not be dismissed pursuant to 28 U.S.C. § 1367."   (*See*

Order to Show Cause 3/10/2021.)   Plaintiff's response to the

Show Cause Order was due March 17, 2021, however, plaintiff's

counsel failed to respond as of the date of this Order.

For the reasons set forth in Judge Brian M. Cogan's

well-reasoned Memorandum Decision and Order dismissing another

action brought by plaintiff Grinblat, this Court dismisses

plaintiff's ADA claim as moot and declines to exercise

supplemental jurisdiction over plaintiff's remaining state and

city law claims pursuant to 28 U.S.C. § 1367.  *See Grinblat v.*

*Michell Wolf LLC*, No. 20-cv-5857 (BMC), 2021 WL 878554, at *1

(E.D.N.Y. Mar. 9, 2021).  Specifically, this Court agrees that

Federal Rule of Civil Procedure 25(a) is inapplicable in this

case because "Title III ADA claims become moot when the

plaintiff dies because the only relief available is injunctive

relief, and injunctive relief cannot benefit a deceased

plaintiff."  *Id.* (citing Fed. R. Civ. P. 25(a) and collecting

cases).  Moreover, plaintiff did not move for class

certification before he passed away.  Accordingly, the Court

dismisses plaintiff's ADA claim as moot and declines to exercise

supplemental jurisdiction over plaintiff's state and city law

claims, and those claims are dismissed without prejudice to

reassert them in state court.  *See* 28 U.S.C. § 1367.

        Finally, and most egregiously, plaintiff failed to

respond to this Court's Order to Show Cause and the time to do

so has expired.  (*See* Order to Show Cause 3/10/2021.)  Federal

Rule of Civil Procedure 41(b) authorizes a district court to

"dismiss a complaint for failure to comply with a court order,

treating the noncompliance as a failure to prosecute."  *Simmons*

*v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 633 (1962)).  A court may act *sua sponte*

to dismiss a case for failure to prosecute under Rule 41(b).
*See Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d
Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b)
expressly addresses only the case in which a defendant moves for
dismissal of an action, it is unquestioned that Rule 41(b) also
gives the district court authority to dismiss a plaintiff's case
sua sponte for failure to prosecute.").  Courts in this circuit
"have repeatedly found that dismissal of an action is warranted
when a litigant, whether represented or instead proceeding *pro
se*, fails to comply with legitimate court directives."  *Citak v.
More Consulting Corp.*, No. 17-cv-6049, 2018 WL 5311411, at *2
(E.D.N.Y. Oct. 25, 2018) (internal quotation marks omitted).
When determining whether to dismiss on this ground, courts
consider five factors: "1) the duration of plaintiff's failures
or non-compliance; 2) whether plaintiff had notice that such
conduct would result in dismissal; 3) whether prejudice to the
defendant is likely to result; 4) whether the court balanced its
interest in managing its docket against plaintiff's interest in
receiving an opportunity to be heard; and 5) whether the court
adequately considered the efficacy of a sanction less draconian
than dismissal."  *Baffa v. Donaldson, Lufkin & Jenrette Sec.
Corp.*, 222 F. 3d 52, 63 (2d Cir. 2000).  The decision to dismiss

4

"is a matter committed to the discretion of the trial judge,"

*Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993), and

in general, "no one factor is dispositive."  *Nita v. Connecticut*

*Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

　　　　Here, plaintiff's failure to comply with the Court's

Order to Show Cause in addition to the legal deficiencies in

plaintiff's ADA claim weigh in favor of dismissal.  *See Winegard*

*v. New Media Inv. Grp., Inc.*, No. 19-cv-4834 (EK)(RLM), 2020 WL

5015361, at *3 (E.D.N.Y. Aug. 25, 2020) (dismissing case for,

among other reasons, failing to respond to an Order to Show

Cause).  The Court's deadline for plaintiff to show cause why

the stay should not be lifted and why the case should not be

dismissed has expired and plaintiff has submitted no additional

filings suggesting any effort to comply with this Court's Order.

*Id.* ("The Court's interest in efficient case management

outweighs a plaintiff's opportunity to be heard where the

plaintiff repeatedly fails to pursue his or her claims and fails

to comply with court orders.").  For these reasons, viewing the

record as a whole and balancing the factors above, dismissal is

appropriate here.

**CONCLUSION**

For the foregoing reasons, the Court dismisses plaintiff's ADA claim as moot, declines to exercise supplemental jurisdiction over plaintiff's state and city law claims, and dismisses the state and city claims without prejudice to reassert them in state court. *See* 28 U.S.C. § 1367. Accordingly, plaintiff's complaint is dismissed. The Clerk of Court is respectfully directed to enter judgment in favor of defendants and to close this case.

SO ORDERED.

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:     Brooklyn, New York
           March 25, 2021